UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **CASHMAN EQUIPMENT CORP.,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) ) | **Civil Action No.** **21-11357-FDS** |
| **S&R CORPORATION,** | ) ) ) | |
| **Defendant.** | ) ) ) | |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

**SAYLOR, C.J.**

This is an action for breach of contract. Plaintiff Cashman Equipment Corp. seeks to recover monies due under a charter agreement for its barge, the JMC 141, which defendant S&R Corporation has allegedly failed to pay. The Court has jurisdiction pursuant to 28 U.S.C. § 1333.

Defendant has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(5), alleging insufficient service of process. For the following reasons, the motion to dismiss will be granted.

I.      **Background**

On August 19, 2021, Cashman Equipment Corp. ("Cashman") commenced this action. (Docket No. 1). On October 8, 2021, the Clerk of the Court issued a summons as to S&R Corporation ("S&R"). (Docket No. 5).

On August 15, 2022, proof of service was filed with the Court. Deputy Sheriff Gerard Whitman attested that on August 12, 2022, he delivered the summons and complaint by hand to Mary Ploof, the agent for S&R, at S&R's place of business. (Docket No. 6).

On November 2, 2022, S&R moved to dismiss the complaint for insufficient service of

process, pursuant to Fed. R. Civ. P. 12(b)(5).

II.      **Analysis**

A plaintiff must serve defendants with process within 90 days of filing a complaint.  Fed.

R. Civ. P. 4(m).  If a plaintiff fails to serve process within that period, then a court "must dismiss

the action without prejudice against that defendant or order that service be made within a

specified time." *Id.*  If, however, "the plaintiff shows good cause for the failure, [a] court must

extend the time for service for an appropriate period." *Id.*

Plaintiff did not serve defendant until August 12, 2022, almost a year after the filing of its

complaint.  In addition, plaintiff—a corporation represented by counsel—did not indicate that it

had good cause for failing to complete service within the deadline; indeed, plaintiff has not filed

an opposition to defendant's motion to dismiss for insufficient service of process.

Under the circumstances, plaintiff has not demonstrated good cause for its failure to serve

defendant before the 90-day deadline imposed by Fed. R. Civ. P. 4(m).  Accordingly, the motion

to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5) will be granted.

III.     **Conclusion**

For the foregoing reasons, defendant's motion to dismiss is GRANTED without

prejudice.


**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated:  April 12, 2023

2